UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESHAUN CURRY,

                Plaintiff,         Civil Action No. 15-14000
                                        Honorable Matthew F. Leitman
                                        Magistrate Judge David R. Grand

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S
COMPLAINT [1] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

**I.    BACKGROUND**

On October 16, 2015, *pro se* Plaintiff Leshaun Curry filed a complaint in the Third Judicial Circuit Court in Detroit, Michigan against Defendants Experian Information Solutions, Inc. ("Experian") and Key Bank N.A.[1] (Doc. #1). Curry alleged violation of the Fair Debt Collections Practices Act (15 U.S.C. § 1692 *et seq.*), the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), and the Michigan Consumers Protection Act (MCL § 445.901). (*Id.*). On November 13, 2015, Experian filed a Notice of Removal to this Court and an answer to Curry's complaint. (Docs. #1, 3). On January 19, 2016, this case was referred to the undersigned for all pretrial purposes by District Judge Matthew F. Leitman. (Doc. #11).

---

[1] On January 19, 2016, District Judge Matthew F. Leitman dismissed Curry's complaint as to Defendant Key Bank N.A. because of Curry's failure to prosecute and to comply with the Court's orders. (Doc. #10 at 2). In particular, Curry failed to file a response to Key Bank N.A.'s motion to dismiss. (*Id.* at 1-2). Following that, he also failed to respond to an Order to Show Cause as to why the motion to dismiss should not be granted. (*Id.* at 1-2). Curry had been expressly warned that his failure to file a written response to the Order to Show Cause would result in the dismissal of his complaint against Key Bank N.A. under Federal Rule of Civil Procedure 41(b). (*Id.*).

1

On July 19, 2016, Experian filed a Motion to Compel Discovery and, Upon Failure to Make Discovery, to Dismiss with Prejudice. (Doc. #18). In this motion, Experian requested that the Court order Curry to serve his Federal Rule of Civil Procedure 26(a) disclosures and answer Experian's Interrogatories and Requests for Production of Documents within fourteen days. (*Id.* at 6). Experian further requested that the Court dismiss Curry's complaint with prejudice if he failed to comply with this Order, as provided in Rule 37(b)(2)(A)(v). (*Id.*). Curry did not file a response to this motion to compel discovery.

The Court granted Experian's motion on August 17, 2016. (Doc. #19). In doing so, the Court ordered Curry to provide the requested information by August 31, 2016. (*Id.* at 2). Moreover, the Court advised Curry that he "**is expressly warned that his failure to comply with this Order will result in a recommendation that his action be dismissed.**" (*Id.*) (emphasis in original). It appears that Curry did not comply with this Order.

After the action was referred back to the undersigned for additional pre-trial matters (Doc. #21), the Court issued a Notice of Telephonic Conference to the parties on October 11, 2016, directing them to participate in a telephonic status conference with the Court on October 19, 2016 at 10:00 a.m. (Doc. #22). Curry, however, failed to participate in this telephonic status conference. Moreover, Curry failed to provide his telephone number to the Court (as he was required to do per the Notice) (*id.*), and his telephone number does not appear on the docket.[2]

On October 24, 2016, the Court issued Curry an Order to Show Cause as to why this case should not be dismissed pursuant to Rule 41(b). (Doc. #23). The Court gave Curry until November 7, 2016 to (1) explain why this case should not be dismissed for his failure to participate in the October 19, 2016 telephonic status conference; and (2) indicate whether (and

---

[2] The Court also notes that none of its orders or notices have been returned as undeliverable.

2

why) he believes he complied with the Court's August 17, 2016 Order granting Experian's motion to compel discovery. (*Id.* at 3). The Court also expressly warned Curry "**that if he fails to comply with this Order [to Show Cause], the Court will promptly issue a Report and Recommendation to dismiss his case pursuant to Federal Rule of Civil Procedure 41(b).**" (*Id.*) (emphasis in original). Curry did not file any response to the Order to Show Cause.

## II. ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute

under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. Curry has a repeated pattern, both in this case and others,[3] of filing suit, forcing the defendant to devote significant time and financial resources to defending itself, and then failing to prosecute his claims. *See supra* note 1. Since at least December 2015, close to one year ago, Curry has been warned multiple times about the need to fully participate in the case, and the consequence – dismissal of his case – if he failed to do so.[4] Yet Curry recently failed to provide the Court with a phone number where he could be reached for the October 19, 2016 telephonic status conference as he had been instructed to do (indeed, he failed to contact the Court at all), and he then failed to participate in the telephonic status conference as directed by the Court. (Doc. #22). The Court generously gave Curry one last opportunity to explain these failures by issuing an Order to Show

---

[3] Less than six months ago, on June 30, 2016, District Judge Arthur J. Tarnow dismissed a different action initiated by Curry because of his failure to prosecute that case. (*Leshaun Curry v. Equifax Information Services, LLC*, No. 15-14362 (consolidated with cases 16-10088 and 16-10459), Docs. #8, 16).

[4] Curry was warned about the possibility of dismissal in a December 28, 2015 Order to Show Cause (Doc. #9); an August 17, 2016 Order (Doc. #19); and an October 24, 2016 Order to Show Cause. (Doc. #23).

Cause. (Doc. #23). Again, however, Curry simply ignored the Court's Order. Thus the first[5] and third factors weigh in favor of dismissal.

As to the second factor, Experian is prejudiced by having this action pending against it without the action being advanced to a timely conclusion due to Curry's apparent abandonment of his claims. Experian filed its motion to compel discovery, which it appears Curry still has not complied with, over three months ago. Finally, as to the fourth factor, given (1) the Court's prior express warnings of dismissal; (2) the Court's prior dismissal of Curry's claims in this very case against Key Bank N.A. for failure to prosecute, *see supra* note 1; (3) Curry's subsequent failure to provide his telephone number and to participate in the telephonic status conference as ordered; and (4) Curry's failure to respond to the most recent Order to Show Cause, the Court sees no utility in imposing a lesser sanction at this time. All of the factors therefore weigh in favor of dismissing Curry's complaint for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Curry has "engaged in a clear pattern of delay" by failing to comply

---

[5] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." (*Id.*). Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." (*Id.*).

with orders of the Court and by failing to take the steps necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. See Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Curry's complaint **(Doc. #1)** and his claims against Experian be **DISMISSED WITH PREJUDICE**. In light of the history described above, the Court also **RECOMMENDS** that Curry be warned that if he continues his practice of filing lawsuits only to then fail to prosecute them, he may be barred from commencing future civil actions without first obtaining leave of Court.

Dated: November 9, 2016                    s/David R. Grand
Ann Arbor, Michigan                        DAVID R. GRAND
                                           United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. See Thomas v. Arn, 474 U.S. 140, (1985); United States v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. See Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987); see also Frontier Ins. Co. v. Blaty, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. See E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2016.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager